UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEO CASSIDY,
    Plaintiff,

Case No. 1:21-cv-773
Cole, J
Litkovitz, M.J.

vs.

SCIOTO COUNTY JAIL, *et al.*,
    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Scioto County Jail, filed in the Scioto County Court of Common Pleas a pro se civil rights action challenging the conditions of his confinement. (Doc. 3). Defendants Scioto County Jail and Scioto County Sheriff David Thoroughman removed the matter to this Court (Doc. 1), filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (Doc. 2), and moved to consolidate this matter with a related case (Doc. 6). The Clerk of Courts mailed paper copies of the relevant documents to the plaintiff at the address he provided, the Scioto County Jail. On January 26, 2021, the Clerk's mail was returned to the Court marked "RTS NOT IN JAIL." (*See* Doc. 11).

On January 31, 2022, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for failure to comply with a court order and lack of prosecution. (Doc. 12).[1] The Order notified plaintiff that failure to comply with the terms of the Order would result in a recommendation to the District Judge that this action be dismissed. (*Id.*). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to

---

[1] The Court's Order to Show Cause was also returned with the notation: "RETURN TO SENDER . . . UNABLE TO FORWARD[.]" (Doc. 13).

achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT** this case be DISMISSED with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Date: 2/23/2022

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LEO CASSIDY,  
    Plaintiff,

Case No. 1:21-cv-773  
Cole, J  
Litkovitz, M.J.

vs.

SCIOTO COUNTY JAIL, *et al.*,  
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).