# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LEO CASSIDY,

      Plaintiff,

v.

SCIOTO COUNTY JAIL, et al.,

      Defendants.

Case No. 1:21-cv-773
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause comes before the Court on the Magistrate Judge's February 23, 2022, Report and Recommendation ("R&R," Doc. 14), which recommends dismissing Plaintiff Leo Cassidy's Complaint (Doc. 3) for lack of prosecution. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 14), and accordingly **DISMISSES** Cassidy's Complaint (Doc. 3) **WITH PREJUDICE**. As a result, the Court **DENIES** all outstanding motions in this matter (Docs. 2, 6, 7) **AS MOOT**.

Plaintiff Leo Cassidy originally filed his Complaint against "Scioto County Jail/Detention Center/Sherriff" in the Scioto County Court of Common Pleas on November 8, 2021. (*See* Compl., Doc. 3, #28). Defendants Scioto County Jail and Scioto County Sherriff David Thoroughman timely removed the action to this Court, asserting the existence of federal question jurisdiction.[1] (Notice of Removal, Doc. 1, #2 (citing 28 U.S.C. § 1331)). In particular, Defendants argued in their Notice of

---

[1] Though the Electronic Case Filing system reflects only one defendant in this case ("Scioto County Jail/Detention Center/Sherriff"), Scioto County Jail and Scioto County Sheriff David Thoroughman identify themselves separately in the Notice of Removal, and thus the Court refers to "Defendants" throughout this Order.

1

Removal that the claims in Cassidy's Complaint arise under 42 U.S.C. § 1983 and "should be construed" as alleging unlawful conditions of confinement in violation of the Eighth and Fourteenth Amendments. (*Id.* at #1–2).

On the same day they removed the action, Defendants moved to dismiss Cassidy's Complaint for failure to state a claim. (Mot. to Dismiss, Doc. 2). Among other things, Defendants argued that (1) the Jail facility itself was not a proper defendant; (2) even had Cassidy named Scioto County itself as a defendant, the Complaint would fail to state a claim for *Monell* liability against the County; and (3) the Complaint would likewise fail to state a plausible claim against Sheriff Thoroughman. (*See id.* at #17). About two weeks later, Defendants moved to consolidate this case with case number 1:21-cv-795, another action Cassidy had filed concerning the conditions of his confinement. (Mot. to Consolidate, Doc. 6, #36–37). Though the cases were never formally consolidated, the assigned Judges agreed that this case and case number 1:21-cv-795 were related. (*See* Related Case Mem. Order, Doc. 9).

About three weeks after Defendants moved to dismiss Cassidy's Complaint, Cassidy moved to amend it. (Mot. to Amend, Doc. 7). In that Motion, Cassidy conceded an "error" in the Complaint, and sought to remedy that error by substituting as defendants "Scioto County, Ohio, Scioto County Board of Commissioners, Scioto County Sherriff David Thoroughman, [and] Scioto County Corrections Center Jail Administrator." (*Id.* at #39). Cassidy did not, however, offer any formal response to Defendants' Motion to Dismiss. Moreover, the notice mailed to Cassidy to apprise him

2

of the related case memorandum order was returned as undeliverable on January 26, 2022, labeled "Not In Jail." (*See* Doc. 11).

On January 31, 2022, the Magistrate Judge ordered Cassidy to, in writing and within fifteen days, show cause why his Complaint should not be dismissed for lack of prosecution. (Doc. 12). Nearly a month later, after the notice mailed to Cassidy regarding the Show Cause Order was returned undeliverable, (*see* Doc. 13), the Magistrate Judge issued the instant R&R. (Doc. 14). That R&R recommends dismissing Cassidy's Complaint with prejudice primarily because "[t]o date, … plaintiff has not filed a response to the Order to Show Cause." (*Id.* at #69).

The R&R advised Cassidy that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*Id.* at #71). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the deadline for objection was March 9, 2022. That date has long since passed, and no party objected, nor did they seek additional time to do so.

Nonetheless, although no party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See, e.g.*, *Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187,

at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Jackson v. Drug Enf't Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (same); *Wilkins v. Mahlman*, No. 1:21-cv-312, 2022 WL 44689, at *1 (S.D. Ohio Jan. 5, 2022) (same).

The Court has reviewed the R&R (Doc. 14) and finds "no clear error on [its] face." *See* Fed. R. Civ. P. 72(b) (advisory committee notes). An action is subject to dismissal for lack of prosecution where a pro se litigant fails to comply with the Court's orders or engages in a clear pattern of delay. Fed. R. Civ. P. 41(b); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (district courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," including by sua sponte dismissal). Here, Cassidy has arguably both failed to comply with the Court's orders *and* engaged in a clear pattern of delay. That is, not only did Cassidy fail to respond to the Magistrate Judge's order to show cause why his action should not be dismissed, but he also failed to respond to Defendants' Motion to Dismiss, and there is no evidence that he remains interested in litigating his claims.

Cassidy's unrepresented status does not warrant any "special consideration." *See Jourdan*, 951 F.2d at 110. True, it appears Cassidy may be unaware of the developments in his case, given that the Court's mailed notices have been returned as undeliverable. (*See* Docs. 11, 13). But this potential lack of awareness is no excuse; indeed, it is incumbent upon any litigant, including a pro se litigant, to keep the Court informed of his or her current address. *See Barber v. Runyon*, No. 93–6318, 1994 WL

163765, at *1 (6th Cir. May 2, 1994). And the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Where … a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").

Although the Court prefers to adjudicate cases on their merits, Cassidy's failure to respond to the Magistrate Judge's Show Cause Order (Doc. 12) or to Defendants' Motion to Dismiss (Doc. 2) amounts to a failure to obey a Court order and a clear pattern of delay, and therefore warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution. *See Link*, 370 U.S. at 630–31; *Jourdan*, 951 F.2d at 110.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 14), and accordingly **DISMISSES** Cassidy's Complaint (Doc. 3) **WITH PREJUDICE**. As a result, the Court **DENIES** all outstanding motions in this matter (Docs. 2, 6, 7) **AS MOOT**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and thus Cassidy is not entitled to in forma pauperis status on appeal. The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

5

**SO ORDERED.**

July 13, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**